# EXHIBIT E

BLANKROME
1271 Avenue of the Americas | New York, NY 10020

*Phone:* *+1 (212) 885-5433*
*Fax:* *+1 (212) 885-5001*
*Email:* *James.Cretella@BlankRome.com*

January 23, 2026

VIA OVERNIGHT MAIL AND E-MAIL

TriSmart Solar LLC
600 NorthPark Central Drive, Suite 140
Houston, TX 77073-6445
Attn: Mark Bench and Chris Murray (mark@trismartsolar.com; cmurray@trismartsolar.com)

Re: Notice of Default, Acceleration and Demand for Payment

Ladies and Gentlemen:

We represent Continental Republic Capital, LLC, d/b/a Republic Business Credit ("Republic") in connection with financing arrangements between Republic and TriSmart Solar LLC ("Client") as more fully set forth in that certain Agreement for Purchase and Sale, dated August 30, 2024, by and between Republic and Client (as amended, restated, modified, or supplemented from time to time, the "Factoring Agreement"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Factoring Agreement.

This letter serves as Republic's formal written notice to Client that Events of Default have occurred and are continuing under the Factoring Agreement, including, without limitation, under (i) Purchase Provision Section 8.1(b) due to the occurrence of an Insolvency Event as Client has an unreasonably small amount of capital which has halted its business operations, (ii) Purchase Provision Section 8.1(c) as a result of the Client's grant of merchant cash advance liens to Avanza Capital Holdings, LLC, Lazarus Capital Funding, LLC and Dynasty Capital 26, LLC; (iii) Purchase Provision Section 8.1(e) as a result of the Client's failure to forward collections to Republic's Lockbox Account and Client's failure to comply with its reporting requirements as required by Purchase Provision Section 1.2 and Section 3.1 of the Factoring Agreement, including but not limited to Client's failure to submit to Republic (a) weekly Assignment Schedules since December 15, 2025 and (b) monthly Accounts Receivable and Accounts Payable Agings, Financial Statements, and Bank Statements for at least the past 3 months, (iv) Purchase Provision Section 8.1(f) as a result of the Client's merchant cash advances with Avanza Capital Holdings, LLC, Lazarus Capital Funding, LLC and Dynasty Capital 26, LLC, in direct violation of Client's obligations to Republic pursuant to Purchase Provision Section 6.6 and (v) Purchase Provision Section 8.1(i) due to recent material adverse changes in Client's business operations as evidenced by (a) Client's furloughed employees and (b) Client maintaining no balance in its checking account (the foregoing Events of Default being collectively referred to herein as the "Specified Events of Default").

As of January 23, 2026, the aggregate outstanding principal amount of the indebtedness, liabilities and obligations owing by Client to Republic under the Factoring Agreement is not less than $1,546,401.52, plus all interest, fees, costs, expenses and other amounts accrued or accruing thereon or payable with respect thereto (collectively, the "Obligations").

As a result of the occurrence and continuance of the Specified Events of Default, Republic hereby makes DEMAND of Client under the Factoring Agreement for the immediate payment to Republic of all such Obligations. Please contact Christy Morgan at Republic to coordinate payment of the Obligations. Ms. Morgan can be reached at 504-262-8618 or by email at cmorgan@republicbc.com.

If the Obligations are not paid in full, in cash, to Republic on or before February 6, 2026, Republic may have no choice but to commence suit against Client to enforce the rights and remedies of Republic under the Factoring Agreement. However, as an accommodation to Client, Republic may be willing to accept a cash payment of $888,932.63, in full and final satisfaction of the Obligations, if (1) on or before January 30, 2026, Client notifies Republic in writing of its agreement to remit such cash payment to Republic on or before February 6, 2026 and (2) payment of such amount is paid in cash to Republic on or before February 6, 2026. Such amount is subject to adjustment for any interim credits or debits to the account of Client under the Factoring Agreement.

The sending of this letter to the Client should not be construed to limit the right of Republic to act without any other or further notice to Client or any other person. The Client is not entitled to rely upon any verbal statements made or purported to have been made by or on behalf of Republic in connection with any alleged agreement by Republic to refrain from exercising any of its rights or remedies under the Factoring Agreement, applicable law or otherwise.

This letter is not, and no action, inaction or acquiescence by Republic (including the acceptance of any payment under the Factoring Agreement or otherwise in respect of the Obligations) shall constitute, a waiver of any of Republic's rights, powers, privileges or remedies against Client, any guarantor or any other person or entity or a waiver of any Specified Events of Default or other Events of Default that may now or hereafter exist. No failure or delay by Republic in the exercise of any rights or remedies shall constitute a waiver of any such right or remedy, or the Specified Events of Default or other Events of Default.

**Republic reserves all rights and remedies available to it under the Factoring Agreement, applicable law or otherwise, whether as a result of any Event of Default or otherwise, including all rights and remedies against any person or entity for conversion or theft of the Collateral or for fraudulent transfer of the Collateral, whether to a successor entity of Client or otherwise.**

Sincerely,

Jim Cretella

James Cretella

cc: Christy Morgan (cmorgan@republicbc.com)
Katie Hay (khay@republicbc.com)